IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Companion Life Insurance Company, | ) | C/A No.: 3:10-1586-JFA |
| | ) | |
| Plaintiff, | ) | ORDER PERMITTING PLAINTIFF |
| | ) | TO DEPOSIT FUNDS, |
| vs. | ) | INTERPLEADER, FOR DISMISSAL |
| | ) | OF PLAINTIFF WITH PREJUDICE, |
| Maria C. Haislett, Stephanie L. Munoz, | ) | AND DENYING DEFENDANT |
| Natalie L. Haislett and J. L. H., a minor, | ) | MARIA HAISLETT'S MOTIONS |
| | ) | TO DISMISS AND FOR |
| Defendants. | ) | ADMINISTRATIVE RESOLUTION |
| _____ | ) | |

This matter comes before the Court pursuant to an interpleader action brought by Plaintiff Companion Life Insurance Company. On July 19, 2010, Plaintiff filed a motion to deposit life insurance proceeds into the Court Registry pursuant to Rule 22 and 67 of the Federal Rules of Civil Procedure and Local Civil Rule 67.01 DSC and to be dismissed from the case. On July 30, 2010, Defendant Maria Haislett filed a document captioned "Motion Response with Assertion for Dismissal without Prejudice" in which she requested, among other things, that the Court dismiss Plaintiff's complaint. Thereafter, on September 20, 2010, Defendant Maria Haislett filed a document captioned "Motion for Administrative Relief" in which she again requested that the Court dismiss Plaintiff's complaint.

A hearing on Plaintiff's motion to deposit funds was held before this Court on September 21, 2010. Plaintiff was represented at the hearing by Allen Bullard, Esquire. Despite receiving notice of the hearing by mail, Defendants did not appear at the hearing. Based upon the arguments of counsel and the record before it, this Court finds that the policy

proceeds should be deposited with the Court, that the Plaintiff should be dismissed with prejudice, and that the matter should continue as and among the remaining parties for determination of the proper distribution of the policy proceeds. In addition, based on the findings of fact and conclusions of law which follow, Defendant Maria Haislett's "Motion Response with Assertion for Dismissal without Prejudice" and "Motion for Administrative Relief" are denied.

## FINDINGS OF FACT

1.     Plaintiff is an insurance company duly organized and existing pursuant to the laws of the State of South Carolina.

2.     Defendant Maria C. Haislett is a resident and citizen of the State of Maryland and is the ex-wife of the decedent, Carl Vaughn Haislett ("Decedent").

3.     Defendant Stephanie L. Munoz is a resident and citizen of the State of Maryland and is the daughter of the Decedent.

4.     Defendant Natalie L. Haislett is a resident and citizen of the State of Maryland and is the daughter of the Decedent.

5.     Defendant J. L. H. is a resident and citizen of the State of Maryland and is Decedent's child.

6.     Decedent's former employer, C&H Mechanical Corporation ("Employer") established and maintained group life insurance coverage with Plaintiff for the benefit of its employees as part of an E.R.I.S.A. (29 U.S.C. § 1001 et seq.) governed employee welfare benefit plan.

Decedent was a participant in this plan.

7.     The Plan is administered in Richland County, South Carolina.

8.     Decedent was a covered insured under a basic group life insurance policy (Policy No. 909-25-43561-015) issued to Employer ("the Policy").

9.     The Policy's proceeds are in the amount of Fifteen Thousand and no/100 ($15,000.00) Dollars.

10.    Decedent died on January 17, 2010, and the Policy proceeds are now, therefore, subject to distribution.

11.    The Policy's proceeds are Fifteen Thousand and no/100 ($15,000.00) Dollars.

12.    Decedent's mother, Gertrude R. Haislett, is Decedent's designated beneficiary under the Policy.

13.    Gertrude R. Haislett died on or about January 2, 2004, predeceasing Decedent.

14.    If there is no surviving beneficiary, the Policy provides that its proceeds are to be distributed to the Decedent's surviving spouse, or, if there is no surviving spouse, to the Decedent's surviving children, in equal shares.

15.    On or about February 4, 2010, Defendant Maria C. Haislett made a claim for the Policy proceeds.

16.    On or about March 28, 2010, Defendant Stephanie L. Munoz made a claim for the Policy proceeds.

17.    On or about June 11, 2010, Defendant Natalie L. Haislett made a claim for the Policy

proceeds.

18.     Although Defendant J. L. H. has not yet made a claim for the Policy proceeds, she remains a potential beneficiary under the Policy.

19.     Defendant Maria C. Haislett and Decedent were divorced on or about September 19, 1994.

20.     The divorce decree contained a provision incorporating the parties' 1991 separation agreement.

21.     One of the provisions of the separation agreement provided that Decedent would designate his minor children beneficiaries of his employer-provided life insurance.

22.     Decedent enrolled in the Policy on April 18, 1994.  At the time the parties entered into the separation agreement, April 26, 1991, Decedent was not insured under the Policy.

23.     Decedent's initial designation of his mother as the beneficiary under the Policy was never altered.

24.     At the time the parties entered into the settlement agreement, Defendant J. L. H. had not yet been born.

25.     A dispute exists as to the proper beneficiaries under the Policy.

26.     Plaintiff has received documentation that identifies multiple Defendants as potential competing beneficiaries.

27.     Plaintiff is not able to determine which of the Defendants is entitled to the Policy's proceeds and cannot pay any part of said sum without danger of being compelled to pay said

sum to each alleged beneficiary.

28.     Defendants' claims are such that Plaintiff may be exposed to double or multiple liability.

## CONCLUSIONS OF LAW

29.     Under Rule 4(k) of the Federal Rules of Civil Procedure, this Court has personal jurisdiction over all parties to this action.

30.     This action arises out of and is governed by ERISA and therefore presents a federal question.  Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

31.     Because the Plan is administered in Richland County, South Carolina, venue is proper under 29 U.S.C. § 1132(e)(2).

32.     Plaintiff has properly filed and has sufficiently stated its grounds for an interpleader action under Rule 22 of the Federal Rules of Civil Procedure, in that there is substantial doubt as to which Defendant or Defendants is/are entitled to the Policy proceeds, and Plaintiff is subject to exposure to double or multiple liability.

33.     Plaintiff will deposit the proceeds with the Clerk of Court on or before October 6, 2010.

34.     Pursuant to Rule 22 of the Federal Rules of Civil Procedure, it is proper for this Court to dismiss Plaintiff from this lawsuit with prejudice, and to discharge Plaintiff from all liability arising out of or relating to the Policy and this lawsuit.

NOW THEREFORE, it is ORDERED, ADJUDGED & DECREED that:

1.      On or before October 6, 2010, Plaintiff will deposit with the Court Fifteen Thousand Three Hundred Sixty and no/100 ($15,360.00) Dollars, which represents the entirety of the Policy proceeds, plus interest from the date of Decedent's death.

2.      Pursuant to Rule 22 and 67 of the Federal Rules of Civil Procedure and Local Civil Rule 67.01(B) DSC, the Clerk shall deposit these funds into an interest-bearing account.

3.      The sum so invested in the interest-bearing account shall remain on deposit until further order of this Court.

4.      Rule 22 and 67 of the Federal Rules of Civil Procedure and Local Civil Rule 67.01(C) DSC, the Clerk shall deduct a fee for the handling of the funds, as authorized by the Judicial Conference of the United States and as set by the Director of the Administrative Office without further order of the Court.

5.      Once Plaintiff deposits the Policy proceeds, Plaintiff is fully and finally discharged of all further liability by reason of such payment, and is dismissed from this action with prejudice.

6.      Each Defendant and their agents, attorneys, representatives, assigns, and all other persons claiming at any time, are perpetually enjoined and restricted from initiating or pursuing any proceeding in this or any other court of law or equity against Plaintiff on account of the Policy.

7.      Defendant Maria Haislett's "Motion Response with Assertion for Dismissal without

Prejudice" and "Motion for Administrative Relief" are denied.

8.      This action will continue among the remaining defendants.


        IT IS SO ORDERED.

                                        *Joseph F. Anderson, Jr.*

September 28, 2010                      Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge